■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. ALL NEW YORK CITY ASBESTOS LITIGATION CASES, Respondents, v A.O. SMITH WATER PRODUCTS Co. et al., Defendants, and CRANE Co. et al., Appellants. [13 NYS3d 398]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered April 15, 2014 (the April order), which modified section XVII of the New York City Asbestos Litigation Case Management Order, as amended May 26, 2011, to allow punitive damages claims to proceed, and denied defendants' motion to vacate and declare inapplicable the Case Management Order, unanimously modified, on the law, to the extent of deleting the second sentence from the first decretal paragraph, remanding the matter to the Coordinating Justice for a determination of procedural protocols on the issue of punitive damages, staying implementation of the modified order until such a determination is made, and otherwise affirmed, without costs. Appeal from an interim order, same court and Justice, entered May 8, 2014, which partially stayed the application of the April order, unanimously dismissed, without costs, as academic. Appeal from an order, same court and Justice, entered December 18, 2014, which, to the extent appealable, denied defendants' motions to renew the April order, unanimously dismissed, without costs, as abandoned.

In this New York City Asbestos Litigation (NYCAL), the Case Management Order (CMO) was amended in 1996 by the Coordinating Justice to add section XVII which provides that "[c]ounts for punitive damages are deferred *until such time as the Court deems otherwise*, upon notice and hearing" (emphasis added). In April 2013, all plaintiffs jointly moved to modify section XVII to read: "Plaintiffs are permitted to seek punitive damages against defendants upon application to the assigned Trial Court." The NYCAL defendants jointly opposed the motion and moved to vacate and declare inapplicable the CMO, asserting, inter alia, that the CMO could not be amended without their consent. In July 2013, six NYCAL plaintiffs

moved for permission to allege punitive damages claims and proffer related evidence against the defendants in their cases. The defendants in those six cases, and amici curiae, including the NYCAL defendants, opposed the motion.

The motion court had the authority to modify the CMO. New York's Uniform Rules for Trial Courts (22 NYCRR) § 202.69 allows the Coordinating Justice to "issue case management orders after consultation with counsel." The court reached its determination after consulting with counsel, and hearing and considering defense counsel's objections.

The April order did not constitute an improper "advisory opinion." The order modified the CMO, something which the court was empowered to do. Unlike in *Cuomo v Long Is. Light. Co.* (71 NY2d 349 [1988]), the parties to the NYCAL are involved in an actual dispute in New York courts, and the April order did not give advice, it set parameters for that litigation.

However, we find that the court exceeded its authority to the extent that the April order directs that applications for permission to charge the jury on the issue of punitive damages "shall be made at the conclusion of the evidentiary phase of the trial upon notice to the affected defendant(s), to which such defendant(s) shall have an opportunity to respond" (*Matter of New York City Asbestos Litig.*, 2014 NY Slip Op 33525[U], *20 [Sup Ct, NY County 2014]). Due process requires that a defendant be provided with an "opportunity to conduct discovery and establish a defense with respect to this . . . damage[s] claim" since such claims involve "different elements and standards of proof and potentially subject defendants to a far greater and different dimension of liability than would otherwise [be] the case" (*Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 23 [1st Dept 2003]). The April order deprives defendants of their rights to due process by leaving them guessing, until the close of evidence at trial, whether or not punitive damages will be sought. Even plaintiffs, in their proposed modification of section XVII, recognized the need for pretrial resolution of the punitive damages issue. We therefore modify to delete the second sentence of the first decretal paragraph of the April order and remand the matter to the Coordinating Justice for a determination of procedural protocols by which plaintiffs may apply for permission to charge the jury on the issue of punitive damages. We note, however, that this decision does not preclude the Coordinating Justice, after consultation with the parties, from reconsidering other aspects of the April order, including the determination whether to permit claims for punitive damages under the CMO, in the exercise of the court's discretion, either upon application or at its own instance.

In a subsequent order, entered December 18, 2014, the motion court denied defendants' motion for a stay and found, inter alia, "there is nothing . . . that prohibits discovery requests tailored to punitive damages issues . . . Nor does the Order or the CMO contain any prohibition against a defendant's moving to dismiss counts for punitive damages." These explanations do not resolve the issue arising from the April order. Defendants cannot seek discovery in connection with, and the court cannot dismiss, a claim which a plaintiff has not yet actively asserted.

Finally, no appeal lies from the denial of reargument (*see D'Andrea v Hutchins*, 69 AD3d 541 [1st Dept 2010]), and defendants have abandoned their appeal from the portion of the order denying renewal (*see Mehmet v Add2Net, Inc.*, 66 AD3d 437, 438 [1st Dept 2009]). Concur—Gonzalez, P.J., Friedman, Moskowitz and Clark, JJ.