Matter of New York City Asbestos Litig. (2018 NY Slip Op 02020)





Matter of New York City Asbestos Litig.


2018 NY Slip Op 02020


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


40000/88 6080 6079

[*1]In re New York City Asbestos Litigation 
All NYCAL Cases 
Business Council of New York State; Lawsuit Reform Alliance of New York; New York Insurance Association, Inc.; Northeast Retail Lumber Association; Coalition for Litigation Justice, Inc.; Chamber of Commerce of the United States of America; National Association of Manufacturers; NFIB Small Business Legal Center; American Tort Reform Association; Washington Legal Foundation; and American Insurance Association, Amici Curiae.


K & L Gates LLP, New York (Tara L. Pehush of counsel), for Crane Co., appellant.
McDermott Will & Emery LLP, New York (Craig H. Zimmerman of counsel), for Honeywell International Inc., Amchem Products Inc., Union Carbide Corporation and Certainteed Corporation, appellants.
Pillsbury Winthrop Shaw Pittman LLP, New York (E. Leo Milonas of counsel), for Cleaver-Brooks, Inc., et al., appellants.
Michael J. Hutter, Albany, for Tishman Liquidation Corporation, appellant.
Zachary W. Carter, Corporation Counsel, New York (Scot C. Gleason of counsel), for the City of New York, respondent.
Belluck & Fox, L.L.P, New York (Seth A. Dymond of counsel), and Weitz & Luxenberg P.C., New York (Alaini Golanski of counsel), for respondents.
Shook, Hardy & Bacon L.L.P., Washington, DC (Victor E. Schwartz of counsel), for amici curiae.



Case management order, Supreme Court, New York County (Peter H. Moulton, J.), entered June 23, 2017, superseding all previous case management orders (CMOs) and amendments thereto in the New York City Asbestos Litigation (NYCAL), which modified the then existing CMO with respect to, inter alia, bankruptcy trust filings (section XXVI), the creation of an accelerated docket (sections XIV and XV), and the filing of punitive damages claims (section XXIV), unanimously affirmed, without costs.
We held in a prior appeal that the NYCAL Coordinating Justice has the authority under Uniform Rules for Trial Courts (22 NYCRR) § 202.69 to issue a CMO or modify an existing CMO, after consultation with counsel, that sets forth procedural protocols for the NYCAL that do not strictly conform with the CPLR so long as those protocols do not deprive a party of its right to due process (see Matter of New York City Asbestos Litig., 130 AD3d 489 [1st Dept 2015]). Thus, in that appeal, we found that the court exceeded its authority in directing that applications for permission to charge the jury on the issue of punitive damages be made at the end of the evidentiary phase of the trial, and remanded the matter to the Coordinating Justice for a determination of procedural protocols that would not "leav[e] [defendants] guessing, until the close of evidence at trial, whether or not punitive damages will be sought" (id. at 490). We noted that our decision did not preclude the Coordinating Justice, after consultation with the parties, [*2]from reconsidering other aspects of the order on appeal, "including the determination whether to permit claims for punitive damages under the CMO, in the exercise of the court's discretion, either upon application or at its own instance" (id.).
The Coordinating Justice then agreed to "participate with the parties in a thoroughgoing reevaluation of the [CMO]" through a "negotiating committee" (see Matter of New York City Asbestos Litig., 2015 WL 10889996, *1, *4 [Sup Ct, New York County 2015]), and, following an extensive process that did not reach consensus among the negotiating parties on all issues, the Coordinating Justice issued the CMO now on appeal.
The CMO, which retains many procedural provisions that have long been included in the preceding NYCAL CMOs, modified the then existing CMO by adding, among other things, provisions addressing the filing of asbestos claims with bankruptcy trusts, creating an "Accelerated Docket," and governing the filing of claims for punitive damages. Section XXVI, which sets deadlines for the submission of asbestos claims to bankruptcy trusts, contains new language requiring plaintiffs who intend to file claims with bankruptcy trusts to report to the court and defense counsel any post-deadline claims and to confer with the court before filing such claims; as explained in the decision accompanying the CMO, this "will enable the [court] to monitor any behavior that could indicate that plaintiffs are seeking to hide such trust claims." Sections XIV and XV create rules for an "Accelerated Docket" in place of the prior rules for the "In Extremis Docket." Section XXIV and other provisions create rules for discovery and notice in connection with punitive damages claims so as to protect defendants' due process rights.
We find that these procedural protocols in the new CMO, as well as the other provisions challenged by defendants that were either present in preceding CMOs or appear for the first time in the new CMO, do not deprive defendants of their due process or other constitutional rights, even where they do not strictly conform to the CPLR, and that therefore the Coordinating Justice had the authority to issue these provisions absent defendants' consent.
We also decline to modify the CMO to reinstitute the deferral of claims for punitive damages.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK